UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| ELITAHL FLOURNAY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. 2:10-CV-140-TLS |
| ROGELIO ROY DOMINGUEZ, and GARY PILIPOVICH, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court regarding a Prisoner Complaint [DE 1] filed by Plaintiff Elitahl Flournay, a prisoner proceeding *pro se* in this matter. The Complaint alleges violations of the Plaintiff's federal civil rights under 42 U.S.C. § 1983 by Defendants Rogelio Roy Dominguez and Gary Pilipovich.

**SCREENING STANDARD**

Pursuant to 28 U.S.C. § 1915A(a), the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion to dismiss under Rule 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). The Supreme Court has articulated the following standard regarding the factual allegations that are required to survive dismissal for failure to state a claim:

1

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The Court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). However, the Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950–51. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). A plaintiff

"pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008).

**COMPLAINT ALLEGATIONS**

In his complaint, the Plaintiff alleges that on January 17, 2010, Sheriff's Deputy Gary Pilipovich kicked and beat him after pulling over the Plaintiff's automobile. He also alleges that Pilipovich held him down while a police dog chewed on him. The Plaintiff further alleges that later on the same day, Pilipovich took him to a deserted area, kicked him in the back of the head, sprayed him with pepper spray, and repeatedly kicked him in the groin. The Plaintiff also alleges that Pilipovich offered to stop the attack in exchange for sexual favors. As a result of the two attacks, the Plaintiff alleges that he may have been rendered sterile by the kicks to the groin, that his right eye waters uncontrollably, and that he suffers severe neck pain.

**DISCUSSION**

The Plaintiff's claim alleges police brutality against the two officers. "If, under the totality of circumstances, a police officer unreasonably seizes a person by using excessive force, he has violated that person's Fourth Amendment rights." *Lester v. City of Chi.*, 830 F.2d 706, 712 (7th Cir. 1987); *see also Tennessee v. Garner*, 471 U.S. 1, 8 (1985) (stating that the Fourth Amendment's guarantee of reasonableness "depends on not only how a seizure is made, but also how it is carried out"). In Fourth Amendment excessive use of force cases, the question is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*,

3

490 U.S. 386, 396 (1989).

Giving the Plaintiff the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has plausibly alleged that Gary Pilipovich used excessive force against him in violation of the Fourth Amendment. However, the only claim that the Plaintiff makes against Defendant Dominguez is that, as the Sheriff, Dominguez was responsible for the actions of Pilipovich. "The doctrine of respondeat superior cannot be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights." *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Therefore, Rogelio Roy Dominguez will be dismissed.

Additionally, the Plaintiff's Complaint alleges that he was denied medical treatment once brought to jail, and is still being refused medical treatment. However, the Plaintiff does not provide any plausible basis showing that Pilipovich or Dominguez was personally involved with this refusal of medical treatment. "A plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008) (citation omitted). Without a plausible allegation of Pilipovich's or Dominguez's personal involvement, the denial of medical treatment claim will be dismissed.

For the foregoing reasons, the Court: (1) GRANTS the Plaintiff, Elitahl Flournay, leave to proceed against Gary Pilipovich in his individual capacity for monetary damages for excessive use of force in violation of the Fourth Amendment; (2) DISMISSES Rogelio Roy Dominguez; (3) DISMISSES all other claims; (4) DIRECTS the Clerk to transmit the summons and USM-285 for Gary Pilipovich to the United States Marshals Service along with a copy of

this Opinion and Order and a copy of the Complaint; (5) DIRECTS the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Gary Pilipovich; and (6) ORDERS, pursuant to 42 U.S.C. § 1997(e)(g)(2), that Gary Pilipovich respond, as provided for in the Federal Rules of Civil Procedure and local rules, only to the claim for which the Plaintiff has been granted leave to proceed in this screening Opinion and Order.

SO ORDERED on April 22, 2010.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN, JUDGE
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION